UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Mamoudou Gassam

    v.                                            Civil No. 1:26-cv-34-SE-AJ

US Immigration and Customs Enforcement,
Boston Field Office Acting Director, et al.


O R D E R


Emanuel Ludovic Mbuangi Landila[1] filed a petition for a writ of habeas corpus on January 24, 2026, contesting his detention and requesting, inter alia, a bond hearing. See doc. no. 1. The court thereafter ordered the respondents to show cause on or before January 30, 2026, as to why it should not issue an order granting the petition to the extent of ordering them to afford the petitioner with a bond hearing based on his similarity to the petitioner granted a bond hearing as required by the Due Process Clause of the Fifth Amendment in Destino v. FCI Berlin, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025). See doc. no. 8.

The respondents filed their response to the order to show cause on January 30, 2026, wherein they maintain that Destino was wrongly decided and incorporate by reference the legal arguments made on behalf of the respondents in that case. See doc. no. 16. Nonetheless, they acknowledge that the court would reach the same result in this case as it reached in Destino if it were to apply the same reasoning as set forth in that case, and that they "cannot show cause why this Court should not order the same relief granted there." Doc. no. 16.

---

[1] The petitioner originally filed this case using a pseudonym with an accompanying motion to proceed pseudonymously, which the court granted on January 28, 2026. On February 2, 2026, the petitioner filed a notice withdrawing his request to proceed pseudonymously. Doc. no. 17. Hereafter, the court will refer to him using his real name.

The respondents have failed to show cause why the court should not order them to afford a bond hearing before an immigration judge (IJ) at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that he is dangerous by clear and convincing evidence. See Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021). Because the reasoning in Destino applies in this case, the petition is granted, in part. The respondents are ordered to provide the petitioner with a bond hearing before an IJ as soon as practicable. If the government fails to provide a bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings.

The petitioner's request that this court "conduct a constitutionally adequate bond or bail hearing," doc. no. 1, is denied without prejudice, as the court finds that a bond hearing before an IJ is sufficient to protect the petitioner's due process rights at this stage.

The respondents shall file a status report within seven days, on or before February 12, 2026.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

February 5, 2026

cc:   Counsel of record.